UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID GUERRA,

Petitioner,

v.

O. SMITH,

Respondent.

No.  2:23-cv-1048 DAD CKD P

ORDER AND

FINDINGS AND RECOMMENDATIONS

Petitioner is a California prisoner proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  The petition is fully briefed.   Petitioner asks that the court stay this matter pursuant to Rhines v. Weber, 544 U.S. 269 (2005) so that petitioner can present an additional claim in California courts which he would raise here if denied.  Respondent opposes the request.  On October 14, 2025, the court issued findings and recommendations recommending that the motion for a stay be denied.  Petitioner filed objections to the court's findings and recommendations on November 3, 2025.  In light of the objections, and a further review of the record, the court vacates the October 14, 2025, findings and recommendations.

Under Rhines, the court can stay a "mixed" habeas petition.  Id. at 277-78.  A "mixed" petition includes at least one claim where state court remedies have been exhausted as required under 28 U.S.C. § 2254(b)(1)(A) and at least one claim where state court remedies have not been exhausted.  A Rhines stay is not appropriate here as there is no "mixed" petition before the court.

1

Petitioner filed a motion for a stay without having filed the "mixed" petition.

The court can stay a fully exhausted petition, such as the one that is pending before the court, pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).  However, the court need not recommend that a stay be granted if the stay would be futile.  See Knowles v. Muniz, 228 F.Supp.3d 1009, 1016 (C.D. Cal. 2017).  As argued by respondent, the new claim identified by petitioner is time-barred.

The claim petitioner seeks to add concerns his being offered a plea agreement.  Petitioner alleges that during trial proceedings he was offered a prison sentence of 8 years.  Petitioner claims he rejected the offer not knowing the range of sentences he could receive following a trial.  He blames trial counsel for not informing him about the range of sentences.  Petitioner was originally sentenced on June 11, 2018, to a determinate term of 10 years, eight months imprisonment along with an indeterminate term of 50 years to life.  ECF No. 10-13 at 7-10; ECF No. 10-10 at 1.  Following a partially successful appeal, petitioner was resentenced on May 17, 2022, to the same determinate term along with an indeterminate term of 25 years to life.  ECF No. 10-13 at 1-6.  Petitioner did not appeal his re-sentencing.

There is a one-year limitations period applicable to habeas corpus claims brought by California prisoners.  Title 28 U.S.C. § 2244 provides as follows:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2

As petitioner did not appeal after re-sentencing, his convictions became final on July 16, 2022, under § 2244(d)(1)(A), when time expired for him to appeal.  Cal. R. Ct. 8.308(a).  The limitations period began running the next day.

Petitioner's original petition was filed June 2, 2023, within the limitations period.  Any subsequent claim, such as the claim described in petitioner's motion for a stay, is time-barred unless there is a basis for sufficient tolling, or unless the claim relates back under Rule 15(c) of the Federal Rules of Civil Procedure.

The only possible basis for tolling here is equitable tolling.  With respect to equitable tolling, petitioner bears the burden of showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

Petitioner asserts that he did not learn the legal basis of his claim until recently.  However, ignorance or even confusion as to the law is not, by itself, a basis for equitable tolling.  Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1012-13 (9th Cir. 2009).  Petitioner also asserts that his "education score" is below that of a sixth grader and he does not have "sufficient understanding" of English.[1]  ECF No. 15 at 10.  However, these factors are simply not extraordinary.  See Ortiz v. Taylor, CIV NO. 16-0259 SOM/KSC, 2017 WL 1128592, *8 (Dist. Hawai'i March 24, 2017) (illiteracy does not automatically entitle an inmate to equitable tolling); see also Martinez v. Tampkins, CV15-2708-JLS (DFM) 2016 WL 7632798, at *5 (C.D. Cal. Oct. 25, 2016) (recommendation that equitable tolling based on petitioner's English language limitations, illiteracy, and poor eyesight be denied).  As held in Ortiz:

> "Low literacy levels, lack of legal knowledge, and need for some assistance to prepare a habeas petition are not extraordinary

---

[1] The trial court described petitioner's understanding of English as follows:

> At times here in court he has declined the use of a Spanish interpreter. He has spoken to me on the record at different times in English. Certainly he has an understanding of the English language.  Is it a perfect understanding?  No.  And can we quantify what percentage of English he does understand?  No.

ECF No. 10-4 at 827.

3

circumstances to warrant equitable tolling of an untimely habeas petition." Baker v. Cal. Dep't of Corr., 484 Fed.Appx. 130, 131 (9th Cir. 2012); see also Green v. Small, 2011 WL 91045, at *2 (C.D. Cal. Jan. 2, 2011) (denying equitable tolling based on petitioner's pro se status, lack of legal knowledge or sophistication, and illiteracy); Stableford v. Martel, 2010 WL 5392763, at *3 (C.D. Cal. Sept. 14, 2010) (rejecting argument that petitioner's illiteracy, dyslexia, lack of education, and limited access to the prison library were extraordinary circumstances).

Ortiz, 2017 WL 1128592 at * 8.

As for relation back, a new claim does not "relate back" to a timely claim simply because it arises from "the same trial, conviction, or sentence." Mayle v. Felix, 545 U.S. 644, 662-64 (2005). Rather, the new claims must share a "common core of operative facts" with a timely claim in the pending petition. Id. at 664. A new claim "does not relate back . . . when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Id. at 650. The "time and type" language in Mayle refers "not to the claims, or grounds for relief" but "to the facts that support those grounds." Nguyen v. Curry, 736 F.3d 1287, 1297 (9th Cir. 2013).

In the original petition, petitioner asserts violations of federal rights in the following respects:  (1) trial court's admission of evidence concerning prior uncharged offenses; (2) trial court's failure to instruct the jury that in order for the jury to find guilt as to kidnapping there must be unanimity as to the event which formed the basis for kidnapping; (3) trial court's instructing the jury that the jury had to acquit on charged offense before the jury could consider lesser included offense; and (4) trial counsel's failure to request limiting instructions as to particular evidence.

Petitioner's new claim concerning information either provided or not provided by trial counsel as to possible length of sentence does not share a common core of operative facts with any timely claim.

For all of the foregoing reasons, the court will recommend that petitioner's motion for a stay be denied.

In accordance with the above, IT IS HEREBY ORDERED that the court's October 14, 2025, findings and recommendations are VACATED.

IT IS HEREBY RECOMMENDED that petitioner's motion for a stay (ECF No. 15) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 22, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
guer1048.asty

5