UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GUERRA, | No.  2:23-cv-01048-DAD-CKD (HC) |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PETITIONER'S MOTION FOR STAY AND ABEYANCE |
| v. | |
| O. SMITH, | (Doc. Nos. 15, 21) |
| Respondent. | |

Petitioner David Guerra is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 8, 2025, petitioner filed a motion for a stay and abeyance of these proceedings pursuant to the decision in *Rhines v. Weber*, 544 U.S. 269 (2005), to allow him to exhaust an unexhausted claim in state court.  (Doc. No. 15.)  On October 14, 2025, the assigned magistrate judge issued findings and recommendations recommending that the motion be denied because petitioner had not made a showing of good cause for having failed to exhaust his proposed new ineffective assistance of counsel claim earlier.  (Doc. No. 19.)  On November 3, 2025, petitioner filed objections to those findings and recommendations arguing that based upon his lack of English language skills and limited formal education, he had established good cause for his delay

1

in seeking to exhaust his new claim.  (Doc. No. 20.)  On January 22, 2026, the magistrate judge vacated the October 14, 2025 findings and recommendations and issued new findings and recommendations, again recommending that petitioner's motion for stay and abeyance be denied.  (Doc. No. 21.)  Specifically, the magistrate judge concluded that petitioner's proposed new claim was time barred and that petitioner had failed to establish that he was entitled to equitable tolling of the AEDPA statute of limitations based upon either his lack of English language skills or his limited education.  (*Id*. at 2–4.)  Finally, the magistrate judge found that petitioner had failed to show that his proposed new claim related back to his timely filed claims pursuant to Federal Rule of Civil Procedure 15(c) because it did not share a common core of operative facts with his timely brought claims.  (*Id*. at 4.)

The pending findings and recommendations were served on petitioner and contained notice that any objections thereto were to be filed within fourteen (14) days after service.  (*Id.* at 5.)  After seeking and receiving three extensions of time to file his objections (Doc. Nos. 23, 25, 27), on April 13, 2026 petitioner filed a notice with the court indicating that he had completed his objections but that the printers at his institution of confinement were inoperable preventing him from filing them.  (Doc. No. 28.)  On April 28, 2026, the court received petitioner's objections which the court has now considered.  (Doc. No. 29.)  Petitioner's objections are somewhat difficult to decipher.  Petitioner does argue that, when considered in combination, the factors of his lack of English language skills, limited education and intelligence, and necessary reliance on clerks to assist him entitle him to equitable tolling of the applicable statute of limitations as to his new claim.  (*Id.* at 10.)  He also complains that some of the authorities cited in the findings and recommendations do not appear in official reporters (*id*. at 10) and presents arguments as to the merits of his new ineffective assistance claim (*id*. at 13–14).  However, these and the remainder of petitioner's objections fail to meaningfully engage with the legal analysis set forth in the pending findings and recommendations.  The court concludes that petitioner's objections provide no basis upon which to reject those findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, the court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the

2

court concludes that the findings and recommendations are supported by the record and proper analysis.

Accordingly:

1.     The findings and recommendations issued on January 22, 2026 (Doc. No. 21) are ADOPTED IN FULL;

2.     Petitioner's motion for a stay and abeyance (Doc. No. 15) is DENIED; and

3.     This action is referred back to the magistrate judge for proceedings consistent with this order.

IT IS SO ORDERED.

Dated:    **June 10, 2026**                          _Dale A. Drozd_

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3